In the Matter of

**KENNETH BROWN, a Minor**

**KENNETH BROWN, Appellant**

No. 17,997

United States Court of Appeals

Third Circuit

Argued January 26, 1970

Decided July 10, 1970

JOHN D. MARSH, ESQ. (MARSH & NICHOLS), Christiansted, St. Croix, Virgin Islands, *for appellant*

WILLIAM H. BROWN, ESQ., Assistant Attorney General, Christiansted, St. Croix, Virgin Islands, *for appellee*

Before HASTIE, *Chief Judge*, GANEY and STAHL,* *Circuit Judges*

### OPINION OF THE COURT

GANEY, *Circuit Judge*

This is an appeal from the disallowance by the District Court of an appeal from a judgment entered by the Municipal Court of the Virgin Islands.[1]

The pertinent facts are as follows: On September 22, 1968, one Claude Mahon left his trousers in a locked car at Pelican Cove, while bathing, and in the pocket of his trousers was $12 in cash. Returning to the car he found his trousers on the ground and searching about, he and William Shears came upon the defendant, Kenneth Brown, who was fourteen years of age. They seized him and searched him and in the pockets of defendant's trousers they found $12, which the complainant, Mahon, claimed was his money which had been stolen. They questioned Brown, took him to the police in Christiansted in their car where he was again questioned by the police and in answer to such questioning the defendant told them that he had received the money from two other boys.

He was charged with the offense of Petty Larceny, to wit, that he "did wilfully steal and carry away $12 in cash from the pocket of Claude Mahon with the intent to de-

---

* Judge Stahl participated in the hearing and consideration of this appeal but died before decision.

[1] Criminal Rules. Part VII. Procedure on Appeal to the District Court. Rule 178. Allowance of appeals in certain cases. Appeals in juvenile and domestic relations cases may be taken only if specially allowed by the district court. A notice of appeal shall be filed in the municipal court and an application for the allowance of such an appeal shall be made to the district court in writing within 10 days after the entry of the judgment sought to be appealed from. If the appeal is allowed, a certified copy of the order of allowance will be transmitted by the clerk of the district court to the clerk of the municipal court and the latter shall forthwith transmit the record in the case to the clerk of the district court. (2 V.I.C.A.T. 5. App IV R 178.)

prive him of the same." Vol. 3 Virgin Islands Code, § 1084. The court appointed counsel for him in the trial before a judge in the Municipal Court, who found him guilty and sentenced him to the custody of the officers of the Department of Social Welfare, Insular Training School in Anna's Hope, St. Croix, until he was eighteen years of age.

At the close of the Government's case on January 7, 1969, the following colloquy took place:

"THE COURT: Ready for the defendant's side of the case, Mr. Marsh.

"MR. MARSH: At this time, after the Government rests, the defendant moves to dismiss the charge against the defendant on the ground that it has not been proven beyond a reasonable doubt, the charge that he did wilfully steal and carry away $12 in cash.

"THE COURT: It doesn't have to be beyond a reasonable doubt. You mean a prima facie case.

"MR. MARSH: No sir, beyond a reasonable doubt.

"THE COURT: At the end of the Government's case it has to be beyond a reasonable doubt? That's . . . .

"MR. MARSH: I submit we are not required to put on any proof until they have proven a case beyond a reasonable doubt.

"THE COURT: You don't go ahead until they have proven a case beyond a reasonable doubt? That's new law to me, Mr. Marsh. I don't know when it was passed.

\* \* \*

"MR. MARSH: . . . I respectfully submit there's insufficient evidence to put the defendant to his proof.

"THE COURT: If there's any testimony we'll have it after lunch.

\* \* \*

"MR. MARSH: Defendant offers no testimony.

"THE COURT: All right, gentlemen, do you want to argue or submit?

"MR. ELLISON: The Government submits, your Honor.

"MR. MARSH: I think I covered by argument in my motion.

"THE COURT: I would think so.

"The court finds the defendant guilty as charged of having stolen this money as described in the complaint from the pocket of Claude Mahon.

"I realize that apart from any circumstantial evidence there is little else but, as the courts have said, when the circumstantial evidence is strong it can be as good as that of an eye witness because there's certain presumptions that are raised by circumstancial evidence."

The defendant then filed a petition praying that he be granted the right to appeal from the judgment of the Municipal Court, and that counsel be appointed to represent him and to conduct his appeal in forma pauperis. The reasons alleged in the defendant's petition are, inter alia, (1) that the monies found on the person of the defendant were never identified as having belonged to the complaining witness, Claude Mahon; (2) that the defendant's arrest was illegal; (3) that the testimony of the complaining witness that the defendant received the money from two other boys was unlawfully received in that the defendant was not cautioned of his right to remain silent; (4) that all evidence was circumstantial; and (5) that the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt. The district court judge simply entered an order stating that the petition was denied. Later, the defendant filed a petition for rehearing alleging that In Re Gault, 387 U.S. 1, May 15, 1967, was of great significance in the disposition of the case and that a hearing be held with respect thereto. Again, the court entered an order merely stating that the petition was denied.

█ █ It is well settled that an appeal is a matter of privilege which is granted either by the Constitution or by statute and the right to appeal does not exist unless expressly and affirmatively granted. In McKane v. Durston, 153 U.S. 684, at 687, the Court stated: "A review by an appellate court of the final judgment in a criminal case, however grave the offence of which the accused is con-

victed, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review. A citation of authorities upon the point is unnecessary." Accordingly, it is clear that a state may grant or withhold to the accused the right of appeal.

The Virgin Islands are now an organized territory and the first sentence of Section 3 of the Bill of Rights subchapter of the July 22, 1955, Revised Organic Code, 68 Stat. 498, as amended, 48 U.S.C. § 1561,[2] is applicable. Therefore, the first question we are called upon to decide is whether the provision of the Code of the Virgin Islands providing for the unqualified right of appeal given to adults and the allowance of appeals to juveniles, only by special allowance of the court, is violative of the equal protection clause. See footnote 1.

In In Re Gault, supra, at page 14, it is stated: "From the inception of the juvenile court system, wide differences have been tolerated—indeed insisted upon—between the procedural rights accorded to adults and those of juveniles. In practically all jurisdictions, there are rights granted to adults which are withheld from juveniles. In addition to the specific problems involved in the present case, for example, it has been held that the juvenile is not entitled to bail, to indictment by grand jury, to a public trial or to trial by jury."

 The juvenile court system has an ambience of parens patriae and the end to be obtained in juvenile cases has been, from its very inception, to substitute broad programs of rehabilitation for punishment, as distinguished from that accorded to adults. In taking cognizance

---

[2] This section, in pertinent part, provides: "§ 1561. Rights and Prohibitions. No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty or property without due process of law or deny to any person therein equal protection of the laws. . . ." Smith v. Government of the Virgin Islands, 6 V.I. 136, 375 F.2d 714.

of the offender's misdeeds, the court has to recognize them as symptoms of a basic disorder and to help the child living in the society, without coming into conflict with the law, and this system has now found acceptance in some fifty states. In Re Gault, supra. As stated in Walters v. City of St. Louis, 347 U.S. 231, "The power of the State to classify according to occupation for the purpose of taxation is broad. Equal protection does not require identity of treatment. It only requires that classification rests on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary." It is fundamental under the Constitution that courts may not substitute for the judgment of legislators, their own understanding of the public welfare, but must instead concern themselves with the validity under the Constitution of the methods by which the legislature has selected. Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535; McLean v. State of Arkansas, 211 U.S. 539.

We hold that the differentiation between an adult and a juvenile as to their rights of appeal is a relevant one and not disparate and, therefore, not violative of the equal protection clause of the Revised Organic Act of the Virgin Islands, nor of the Fifth Amendment, by reason of the Constitution of the United States having been made applicable to the Virgin Islands by Act of Congress dated August 23, 1968.[3]

With respect to petitioner's allegation that he was denied due process, his reliance on In Re Gault, supra, offers no advantage to him. In In Re Gault, 407 P.2d 760, the Supreme Court of Arizona decided that a minor

---

[3] 48 U.S.C.A. § 1561.

child who was charged with making obscene remarks over the telephone to a certain woman and was found guilty thereof by the lower court was not permitted the right of appeal, pursuant to the Arizona statutes. Furthermore, the Court held he had no absolute right to counsel; was not entitled to a copy of the petition charging him with the offense, nor a copy of the written notice of hearing before the juvenile court judge; nor the right to cross-examine witnesses and was not afforded the right of confrontation or a warning of the possible consequences of a finding of delinquency. On appeal, in In Re Gault, supra, overruling, the Arizona Supreme Court held that due process required, in such proceedings, adequate notice be afforded to the child and his parents by way of informing them of the specific issue that had to be met; that in such proceeding the child was entitled to counsel; to the Constitutional privilege against self-incrimination, and, absent a valid confession, the minor should be afforded the right of confrontation and sworn testimony of witnesses available for cross-examination. However, the Court made no adjudication on the provision for appellate review of a minor delinquent, or his right to be provided with a record. Further, it expressly stated that the problem presented before the Court concerned only factual matter, which related to the procedure by which a determination was to be made, as to whether a juvenile was delinquent as the result of alleged misconduct on his part and could be imprisoned therefor. In other words, that during the adjudicatory hearing the essentials of due process and fair treatment are required.

An examination of the record shows that all the requisites set forth in In Re Gault, supra, were complied with by the court at the trial of this cause. Additionally, it would seem that a liberal construction of the colloquy set forth hereinabove between the court and counsel for the appel-

552

lant would indicate that counsel seeking dismissal at the close of the Government's case, stating as his reason therefor that the Government had not proven the defendant guilty beyond a reasonable doubt—though incorrect at that juncture—was made plain enough later by him at the close of all the testimony. At that time he stated that the same reason he had given the court theretofore was to be made applicable then which, under the circumstances, might be construed as a point for charge and the court agreeing therewith, we could assume that he was contending that a conviction could only be had if the evidence warranted it beyond a reasonable doubt.

However, since the case is to be remanded to the municipal court, it would appear desirable that the court be given an opportunity to consider, in addition to the resentencing, the question of retroactivity in the light of In Re Winship, 397 U.S. 358, which adds the application of reasonable doubt to those Constitutional requirements in In Re Gault, supra, and Mordecai v. U.S., 421 F.2d 1133 (C.A.D.C. 1969).

However, while we have indicated no Constitutional guarantees were violated in the trial of the case, nor in the statutory requirement that an appeal by a juvenile may be had only by special allowance of the district court, we are constrained to hold that the imposition of a four-year sentence on the juvenile defendant, when contrasted with a one-year sentence, had the same offense been committed by an adult, evokes such a wide disparity that, in our judgment, renders it discriminatory and violative of equal protection and required the district court to allow an appeal. While there may and should be significant differences in the treatment of juvenile and adult offenders during their confinement, the juvenile here has been sentenced for a period four times longer than an adult would be for the same offense. Despite the fact that

counsel for the defendant never made any objection to its imposition at trial nor alleged it in his petition for allowance of appeal, nevertheless, in our judgment, it is of such significance, on the present record, that it calls for correction by this court.

The statutory violation here was a rather trifling offense, petty larceny—the taking of $12—and to subject a fourteen year old to custody for four years, thus depriving him of his liberty and freedom of action during the most formative part of his early life, is a truly harsh sentence, especially when the record shows no previous delinquency nor aggravating circumstances surrounding the occurrence, which called for such severe punishment. Sentences in the Juvenile Court should comport with the correctional and rehabilitative aims and objectives of the system as it is structured, which has long envisioned the guiding, helpful hand, rather than punitive sanctions or retribution.

We, therefore, vacate the judgment of the lower court and direct that the cause be remanded to the municipal court either for the imposition of a sentence no greater than could be imposed on an adult for the same offense or, if the court shall be disposed to impose a commitment for more than a year, for explicit findings and conclusions deemed to justify that longer sentence, including a recitation of any significant differences between the treatment of adult offenders and juvenile offenders in the Virgin Islands.

The judgment of the lower court will be reversed.