**LIONEL E. CYNTJE, Plaintiff**

v.

**HELEN I. JOSEPH, Director of Consumer Services Administration of the Government of the Virgin Islands, Defendant**

Civil No. 219/1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 25, 1981

LIONEL E. CYNTJE, St. Thomas, V.I., *pro se*

MICHAEL A. JOSEPH, ESQ., Christiansted, St. Croix, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Defying the old maxim of "three strikes and you're out," and obviously undaunted by a series of set-backs in the District Court of the Virgin Islands,[1] Lionel E. Cyntje, the plaintiff, is now before this court seeking a declaratory judgment giving him the right to obtain a license from the defendant, the Director of the Consumer Services Administration (CSA), to operate a bus service.

Unfortunately for Mr. Cyntje, he has struck out again. For reasons already clearly stated by the Chief Judge of the District Court in Lionel E. Cyntje v. Government of the Virgin Islands, Civil No. 79-1 (D.V.I., Div. St. T. and St. J., October 24, 1979) (hereinafter Cyntje III), the case will be dismissed.

In brief, the plaintiff has filed what he styles "An Action for Declaratory Judgment and Injunctive Relief" in which he prays for "a declaratory judgment against defendant Helen I. Joseph for a license to operate a bus service on St. John, Virgin Islands, which shall operate on a specific route; and that said defendant be enjoined from depriving plaintiff of a license to operate a bus service on St. John, Virgin Islands, which shall operate on a specific route." The defendant has moved to dismiss for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3). See also F. R. Civ.

---

[1] See Lionel E. Cyntje v. Governor Juan Luis, et al., Civil No. 78-263 (D.V.I., Div. St. T. & St. J.); Lionel E. Cyntje v. Governor Juan Luis et al., Civil No. 78-298 (D.V.I., Div. St. T. & St. J.); Lionel E. Cyntje v. Government of the Virgin Islands Civil No. 79-1 (D.V.I., Div. St. T. & St. J.); Lionel E. Cyntje v. Government of the Virgin Islands, Civil No. 80-108 (D.V.I., Div. St. T. & St. J.), and Lionel E. Cyntje v. Government of the Virgin Islands, Civil No. 80-250 (D.V.I., Div. St. T. & St. J.). See also Lionel E. Cyntje v. Government of the Virgin Islands, No. 81-1501 (3d Cir., Order June 25, 1981).

P. 12(b)(1). Cyntje has countered with a motion for summary judgment.

■ The plaintiff initially filed an application with the CSA for a license to operate a bus service on St. John. This request was denied by the director in a letter dated August 7, 1979. It is in response to that denial that plaintiff on March 23, 1981, filed his "complaint." Although styled an action for declaratory judgment, this court is not bound by the label placed upon pleadings by the parties. A pleading will be judged by its substance rather than its label, 5 C. Wright & A. Miller, Federal Practice and Procedure: § 1286 at 383 (1969), and here it is clear that the plaintiff's action constitutes nothing more than an appeal of the decision of the director of the CSA. As a result, this action must be dismissed for lack of subject matter jurisdiction for two reasons: (1) plaintiff has failed to exhaust his administrative remedies, and (2) even assuming that he exhausted his administrative remedies or is somehow relieved from the exhaustion requirement, an appeal of a decision of the director of the CSA must be made to the District Court and not to this court.

### Failure To Exhaust Administrative Remedies

Cyntje, in opposition to the defendant's motion to dismiss, contends that he need not exhaust administrative remedies because "he was not previously granted a license for a bus service, therefore he did not had [sic] to comply with 12A V.I.C. § 7 which is not applicable in this case."

■ This issue, however, already has been squarely decided against Cyntje in connection with his quest for a bus license for the island of St. Thomas. Cyntje III, supra. In Cyntje III, supra, slip op. at 2–3. Chief Judge Almeric L. Christian held:

> The Director of Consumer Services has the power to grant a license for the bus service plaintiff desires to establish. 12A V.I.C. § 2(14). Plaintiff's application to the Director was denied on June 30, 1979. Plaintiff then appealed directly to the District Court pursuant to 12A V.I.C. § 7(b). However, a precondition to appeal to the District Court from an adverse order of the Director is a written petition for reconsideration filed within ten days of notification. 12A V.I.C. § 7(a). Plaintiff failed to comply with § 7(a) and, therefore, has not exhausted his administrative remedies. Accordingly the court lacks jurisdiction over the subject matter of this action.

287

In this action, as in Cyntje III, Cyntje again has failed to pursue his statutory remedies under 12A V.I.C. § 7(a), and, thus, has failed to exhaust his administrative remedies.

*Jurisdiction of The Territorial Court To Hear Appeals of The CSA Director's Decisions*

Even assuming that Cyntje had complied with 12A V.I.C. § 7(a) or that for some reason he was relieved of the requirement, he is in the wrong court. As this court stated in In the Matter of Disciplinary Proceedings Against Ivan Hodge, 16 V.I. 548 (Terr. Ct. 1979):

> An appeal is a privilege that is granted either by the Revised Organic Act or by statute, and the right to appeal does not exist unless it is expressly granted. In re Brown, 7 V.I. 545, 439 F.2d 47 (3d Cir. 1970). Since there is no inherent right of appeal from an inferior court to a higher court, it is beyond question that no appeal lies from an order or decision of an administrative agency unless the right is granted by the Revised Organic Act or by statute. See In re State ex rel Employment Security Commission, 234 N.C. 651, 68 S.E.2d 311, 312 (1951). Indeed, unless the Revised Organic Act requires it, the Legislature in its discretion may grant or withhold the right to judicial review of administrative actions. See Estep v. United States, 327 U.S. 114, 120 (1946).

As in Hodge, Cyntje neither cites the court to any provision in the Revised Organic Act nor to any statute that grants him the right to appeal a CSA decision to this court. As pointed out in Cyntje III, supra, 12A V.I.C. § 7(b) provides for an appeal, but only to the District Court. Nowhere is there any statutory provision or provision of the Revised Organic Act that grants this court authority to hear an appeal of decisions of the director of the CSA.

Accordingly, this court lacks jurisdiction over the subject matter of this action, and it is

ORDERED that the defendant's motion to dismiss be and the same hereby is granted, and it is further

ORDERED that plaintiff's motion for summary judgment be and the same hereby is denied, and it is further

ORDERED that the above cause of action be and hereby is dismissed.