Maria **HEYWOOD**, Appellant,

v.

**CRUZAN MOTORS, INC.**

No. 85–3721.

United States Court of Appeals, Third Circuit.

Argued April 29, 1986.

Decided June 6, 1986.

---

Frank Ford, III (Argued), Frederiksted, St. Croix, U.S. Virgin Islands, for appellant.

Todd H. Newman (Argued), Nichols and Newman, Christiansted, St. Croix, U.S. Virgin Islands, for appellee.

Before HUNTER, WEIS and MANSMANN, Circuit Judges.

## OPINION

MANSMANN, Circuit Judge.

Two questions presented are on appeal: (1) whether the plaintiff failed to exhaust

her administrative remedies set forth in Title 12A of the Virgin Islands Code when she brought her consumer complaint to the territorial court and later appealed to the district court without first receiving a written decision on her request for reconsideration before the Virgin Islands Consumer Services Administration; and (2) whether her claim for intentional infliction of emotional distress failed to state a cause of action. Although we agree with the district court that exhaustion is required, under the particular circumstances presented, we remand the plaintiff's consumer complaint to the district court with instructions to remand it to the Consumer Services Administration. With respect to the tort claim, however, we affirm the dismissal.

### I.

Our jurisdiction is predicated upon 28 U.S.C. § 1291 since this is an appeal from a final decision of the district court.

Because this appeal involves the application of legal precepts and statutory construction, our standard of review is plenary. *See, e.g., Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–02 (3d Cir.1981).

### II.

The genesis of this action is the plaintiff's purchase of a new 1980 Pontiac Phoenix from the defendant in June of 1979. Shortly after her purchase, the plaintiff discovered multiple defects. The plaintiff returned her car (which was under warranty) to the defendant for repairs and various repairs were made. She later requested a refund, but to no avail.

The plaintiff then filed a complaint with the Virgin Islands Consumer Services Administration ("CSA"), an entity created by the enactment of Title 12A of the Virgin Islands Code, which provides that the CSA has "the primary purpose of protecting, representing, advising and guiding the public consumer ..." V.I.Code Title 12A § 1 (1982). Pursuant to the investigatory powers of the CSA set forth in § 4, an investigation was conducted and an administra-

tive hearing was held in connection with the plaintiff's complaint. By decision of the Director of the CSA dated January 13, 1982, the plaintiff was awarded $300.00 for the inconvenience she experienced due to her loss of use of the vehicle. This decision also provided that the vehicle was to be returned to the plaintiff as it was found that all repairs had been made. Shortly thereafter, the plaintiff filed a request for reconsideration pursuant to V.I.Code Title 12A § 7(a). She asserted that reconsideration was warranted because she was without the use of her car for approximately two years, not sixty days as found by the Director, and because several defects were still uncorrected. Thereafter, the plaintiff's attorney sent a letter to the Director of the CSA, inquiring about the nature of the CSA hearing. In response, by letter dated February 10, 1982, the Director of the CSA indicated that the plaintiff's hearing was "informal" and "non-binding." No mention of the petition for reconsideration was stated nor has any response to the petition ever been received by the plaintiff.

Subsequently, without first receiving a written decision from the CSA on her petition for reconsideration, the plaintiff filed an action in the territorial court. Her original complaint alleged breach of warranty; she later amended her complaint to include a claim for intentional infliction of emotional distress.

The territorial court dismissed on two grounds: first, that the plaintiff failed to exhaust her administrative remedies; and second, assuming arguendo that the matter was ripe for judicial review, that the district court is vested with exclusive jurisdiction over appeals from decisions rendered by the CSA on requests for reconsideration. The territorial court also suggested that the plaintiff obtain a written decision on her request for reconsideration to permit her to press her complaint. The territorial court did not address the tort claim.

Following this adverse decision, the plaintiff appealed to the district court, which affirmed the dismissal of both claims. With respect to the breach of war-

ranty claim, the district court found that it was properly dismissed because the plaintiff failed to exhaust her administrative remedies by initiating her action in the territorial court without first receiving a written decision on her petition for reconsideration pending before the CSA. Although the district court reasoned that the territorial court arguably had jurisdiction over the breach of warranty action as a collateral proceeding, it held, however, that res judicata prevented the relitigation on the consumer claim in the territorial court. With respect to the tort claim, the district court stated that since it was not part of the CSA proceeding, it was properly before the territorial court. The district court held, however, that this claim failed to state a cause of action. We will address each count of the complaint separately.

### III.

#### A. The Breach of Warranty Claim

■ We agree with the district court that under Title 12A § 7 of the Virgin Islands Code[1] the plaintiff was required to exhaust her administrative remedies, *i.e.,* receive a written decision on her petition for reconsideration prior to taking her consumer complaint to the district court. *Accord Cyntje v. Joseph,* 17 V.I. 285 (1981). Pursuant to the terms of § 7(a), a person "directly or adversely affected" by a CSA decision, if that party desires to appeal, must do so by filing a written petition for reconsideration within ten days of notice of the decision. Thereafter, a party dissatisfied with the reconsideration decision has ten days to file an appeal with the Virgin Islands District Court.

In this case, the plaintiff complied with § 7(a) by filing her "written petition for reconsideration" within the specified period. She failed, however, to receive a decision prior to proceeding further. Thus, she did not exhaust her administrative remedies as required by § 7(b). When exhaustion is required by statute, it is not subject to judicial discretion; courts have no choice but to apply the doctrine. *See, e.g., Cerro Metal Products v. Marshall,* 620 F.2d 964, 970 (3d Cir.1980). The purposes of the doctrine have been described previously by this court. The doctrine:

1) promotes administrative efficiency by 'preventing premature interference with the agency processes,'

2) respects executive autonomy by allowing an agency the 'opportunity to correct its own errors,'

3) facilitates judicial review by affording courts the benefit of the agency's experience and expertise, and

4) serves judicial economy by having the agency or other tribunal rather than the district court, compile the factual record.

*Id.*

■ Moreover, assuming arguendo that the plaintiff had first exhausted her administrative remedies, the territorial court lacked subject matter jurisdiction to hear the breach of warranty claim since § 7(b) provides that only the district court has the jurisdiction to hear appeals from decisions on petitions for reconsideration. *See Cyntje v. Joseph,* 17 V.I. 285 (1981).[2]

■ Although we agree with the district court that exhaustion was required, because of the misleading contents of the

---

**1.** Section 7 of the V.I. Code Title 12A (1982) provides in pertinent part:

§ 7. *Appeals*

(a) Any person directly or adversely affected by acts, orders or resolutions issued by the Director in accordance with the powers granted by this chapter, may within the ten (10) days following his notification, file a written petition for reconsideration, specifying his objections.

(b) Any person aggrieved by the decision of the Director to a request for reconsideration may, within ten (10) days following the date

of the notice of such decision file an appeal for review to the District Court of the Virgin Islands.

**2.** This is not to say that the district court has exclusive jurisdiction over all consumer complaints. The plaintiff could have chosen at the outset to file with the territorial court. Once she filed her complaint with the CSA, however, the district court had exclusive jurisdiction over appeals therefrom and exhaustion was required. *C.f. Cyntje,* 17 V.I. 285.

February 10, 1982 letter, we find it would be inequitable to dismiss. This letter, written after the petition for reconsideration was filed, states that the hearing was "informal" and "non-binding." It was not until the plaintiff's attorney received this letter that this action was commenced in the territorial court, only to face dismissal for failure to exhaust administrative remedies. Given the flexibility inherent in the application of the doctrine of exhaustion, we do not think it fair to penalize the plaintiff for the incorrect "advice" given to her by the Director of the CSA. The plaintiff does, in fact, still have a petition for reconsideration pursuant to V.I.Code Title 12A § 7 pending before the CSA irrespective of the Director's misunderstanding.

Under these circumstances, we will remand this matter to the district court with instructions for it to send the breach of warranty claim back to the CSA so that plaintiff may receive a written decision on her petition for reconsideration. We therefore find it unnecessary to address the question of whether the consumer claim was an appropriate collateral proceeding.

■ The district court also found res judicata to be an alternate ground for dismissal of the breach of warranty claim. We disagree, however, that res judicata comes into play because there has been no final determination on the merits. *See e.g., Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

## B. The Tort Claim

The plaintiff also asserts a claim for the intentional infliction of emotional distress. This claim was brought for the first time before the territorial court. In dismissing the action, the territorial court did not specifically rule on the viability or severability of this claim. Rather, it found that it lacked subject matter jurisdiction because of the plaintiff's failure to exhaust her

administrative remedies. When this matter was appealed to the district court, the district court dismissed this claim, on motion to dismiss, for failure to state a claim upon which relief could be granted.[3]

Section 46 of the Restatement of Torts (Second) provides in part as follows:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

The plaintiff filed an amended complaint in the territorial court in which she alleged for the first time that the defendant inflicted emotional distress upon her in the context of their business relationship. More particularly, the plaintiff claims that the defendant failed to use reasonable care by

> failing to honor the express and implied terms and conditions of sale ... and by failing to treat plaintiff in a courteous, businesslike, professional manner.

The plaintiff further alleges that the defendant's conduct was intentional and reckless and resulted in past and present "severe emotional distress, mental anguish and loss of enjoyment of life." The plaintiff does not allege any bodily harm. The district court held that these allegations failed to state a cause of action under § 46 of the Restatement of Torts (Second) (1965). We agree.

Section 46 has been adopted by the Virgin Islands. *See Moolenaar v. Atlas Motor Inns, Inc.,* 616 F.2d 87, 89 (3d Cir.1980). In interpreting the elements of a viable cause of action under § 46, we find that comments d, j and k are particularly applicable here.

Comment d explains that liability has been found historically when the conduct of the defendant is both extreme and outrageous. Under comment d the questioned behavior must be "so outrageous in charac-

---

**3.** The district court stated that the territorial court also dismissed the tort claim on the same ground. Our reading of the record demonstrates that the territorial court did not distin-

guish between the two claims, but simply dismissed the entire action on the exhaustion ground.

ter, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See also Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265, 1274 (3d Cir.1979) (in banc).

Further, comment k expressly states that recovery may be had in the absence of bodily harm. *See also, Bruffett v. Warner Communications, Inc.,* 692 F.2d 910, 914 (3d Cir.1982). When there is no physical injury, however, the conduct is expected to be "sufficiently extreme and outrageous ... [to] guarantee that the claim is genuine." Thus, only "if the enormity of the outrage carries conviction that there has in fact been severe emotional distress, bodily harm is not required." Restatement of Torts (Second) § 46 Comment k (1965).

Comment j provides further that in order to recover, the plaintiff must have experienced emotional distress from the defendant's conduct and this reaction must be severe, "so severe that reasonable persons would not be expected to endure it." *Moolenaar, supra,* 616 F.2d at 89.

On review of a dismissal, we must take the allegations in the complaint as true. *See e.g., Bruffett,* 692 F.2d at 911. We must therefore view the plaintiff's allegations in light of the guidance offered by comments d, j and k to determine whether the plaintiff has stated a cause of action.

■ The conduct complained of in the amended complaint is that the defendant failed to be reasonable in honoring the terms of the warranty and that the defendant failed to treat the plaintiff in a "businesslike and professional manner." Although the plaintiff alleges that this conduct was intentional and reckless, and although we will assume this to be true for our review purposes, we cannot conclude that this conduct is of the severity and outrageousness so as to permit recovery under § 46. We cannot elevate the instant allegations to the level required under comment d.

■ Moreover, because the plaintiff has not alleged any physical injuries, she is required to meet the extraordinary test set forth in comment k. Given that the plaintiff has not alleged conduct to be severe enough to pass muster under comment d, she clearly does not allege the more stringent conduct requirements under comment k.

We, therefore, find that, even accepting the plaintiff's allegations concerning the defendant's conduct as true, the plaintiff has not stated a claim for the intentional infliction of emotional distress. We will affirm the district court's dismissal of this claim.

## IV.

For the reasons stated herein, we will vacate the decision of the district court insofar as it dismissed the breach of warranty claim and will remand that claim to the district court with instructions to remand to the CSA with directions that the CSA render a definitive ruling on the plaintiff's petition for reconsideration. With respect to the claim for intentional infliction of emotional distress, because we agree that the plaintiff has failed to state a claim upon which relief may be granted, we will affirm the district court.