**JULIO L. DANIEL, Plaintiff**

**v.**

**ST. THOMAS DAIRIES, INC., Defendant**

Civil No. 459/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 12, 1992

DAVID A. BORNN, ESQ. (LAW OFFICES OF EDITH L. BORNN), St. Thomas, V.I., *for plaintiff*

BENNETT CHAN (DUDLEY, CLARK & CHAN), St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The issue before the Court is whether an employee who elects to file an administrative claim for wrongful discharge with the Department of Labor may file a wrongful discharge complaint in court while his administrative claim is pending.

For the following reasons, the court holds that he may not do so, and will therefore grant defendant's motion to dismiss for lack of subject matter jurisdiction.

## FACTS

Plaintiff, Julio L. Daniel ("Plaintiff"), started work with defendant, St. Thomas Dairies, Inc. ("St. Thomas Dairies") on March 20, 1978. At the time of his termination on May 3, 1990 he worked as manager of accounts payable. Plaintiff alleges that he was wrongfully discharged contrary to the provisions of 24 U.S.C. Section 76 and is therefore entitled to damages from his employer, St. Thomas Dairies. On May 7, 1990 plaintiff filed a wrongful discharge complaint, Case No. WD-182-90-T, with the Virgin Islands Department of Labor. On the complaint plaintiff sought "reinstatement and monetary consideration". Plaintiff's counsel stated in an affidavit dated July 19, 1990 that he had not received any indication of a hearing date or the likelihood of a hearing date in plaintiff's wrongful discharge complaint filed with the Department of Labor. On May 31, 1990, plaintiff filed this action for damages in the Territorial Court of the Virgin Islands. Defendant believes this court does not have subject matter jurisdiction over plaintiff's claim and has therefore filed this Motion to Dismiss the Complaint.

## DISCUSSION

St. Thomas Dairies contends in support of its motion that (1) plaintiff has failed to exhaust his administrative remedies required under Heywood v. Cruzan Motors, Inc., 792 F.2d 367 (3d Cir. 1986) and (2) the court should dismiss plaintiff's claim pursuant to the doctrine of primary jurisdiction.

In opposition, plaintiff argues that (1) exhaustion of administrative remedies is not required under 24 V.I.C. Section 76; and (2) the doctrine of primary jurisdiction does not deprive this court of jurisdiction.

Plaintiff did, in fact, file a wrongful discharge complaint with the Department of Labor, on May 7, 1990. It is unknown whether the Labor Department has conducted a hearing on plaintiff's claim or whether a final decision has been made regarding plaintiff's complaint. The court limits its discussion to the issue of whether an employee who elects to file an administrative claim for wrongful discharge with the Department of Labor may file a wrongful discharge complaint in the courts while his administrative claim is pending.

Title 24 V.I.C. states in pertinent part:

Section 76(c) Any employee discharged for reasons other than those stated in subsection (a) of this Section shall be considered to have been wrongfully discharged; . . .

Section 77

(a) Any employee discharged for any reason other than those contained in Section 76 of this Chapter may, within thirty (30) days after discharge, file a written complaint with the Commissioner.

(b) The Commissioner shall cause to be served upon the employer a copy of the complaint stating the charges and a written notice of hearing before the Commissioner which shall be held ten (10) days after service of the complaint. The Commissioner shall also provide such written notice to the employee filing the complaint.

(c) If upon all testimony taken the Commissioner finds that the employer named in the complaint has wrongfully discharged an employee, the Commissioner shall state his findings and shall serve on the employer an order requiring that the employee be reinstated with back pay. If upon all the testimony taken the Commissioner finds that the employee has not been wrongfully discharged, then the commissioner shall state his findings of fact and shall issue an order dismissing the complaint.

Section 78

The Commissioner may request the Territorial Court of the Virgin Islands to enforce any order issued under Section 77 of

this chapter. The findings of the Commissioner with respect to questions of fact shall be considered conclusive if supported by substantial evidence on the record considered as a whole. The court may enforce any order of the Commissioner it deems just and proper and enter a decree enforcing, modifying and enforcing as so modified, or setting aside, in whole or in part, the order of the Commissioner.

Section 79 Additional remedies

In addition to the remedies provided by Sections 77 and 78 of this chapter, any wrongfully discharged employee may bring an action for compensatory and punitive damages in any court of competent jurisdiction against any employer who violated the provisions of Section 76 of this chapter. The court in such action shall award to the plaintiff reasonable Attorney's fees and costs of the action, in addition to any judgment in favor of the plaintiff.

## A. Exhaustion of Remedies

Title 24 V.I.C. Section 79 grants the option to a wrongfully discharged employee to file his case either in court for damages against his employer or to seek administrative remedies before the Department of Labor. The wrongful discharge statute does not expressly nor impliedly state that an employee who believes he has been wrongfully discharged must first seek redress with the Department of Labor before filing a complaint with the court. In Heywood v. Cruzan Motors, Inc., supra, even though the statute did not expressly call for an exhaustion of remedies before redress to the court, the statute did so by implication when it required an aggrieved employee to seek reconsideration of the Agency's decision before filing a complaint in the District Court of the Virgin Islands.[1] No such implication exists in 24 V.I.C. Section 76 et seq. Instead, the legislature provided in a separate section for addi-

---

[1] 12A V.I.C. Section 7 Appeals

(a) Any person directly or adversely affected by acts, orders or resolutions issued by the Director in accordance with the powers granted by this chapter may within the ten (10) days following his notification, file a written petition for reconsideration, specifying his objections.

(b) Any person aggrieved by the decision of the Director to a request for reconsideration may, within ten (10) days following the date of the notice of such decision file an appeal for review to the District Court of the Virgin Islands.

tional remedies which allows "a wrongfully discharged" employee to bring an action in the Territorial Court. 24 V.I.C. Section 79.

A "Wrongfully discharged employee" is defined in Section 76(c) as: "Any employee discharged for reasons other than those stated in subsection (a) of this section". The statute does not define a wrongfully discharged employee as an employee who has been found by the Commissioner of Labor to have been terminated for reasons other than those stated in subsection (a) of this section. Therefore, the court believes that it was the Legislature's intent when it enacted Section 79 to provide an employee with the option of "additional remedies" which would allow an employee who believes he has been wrongfully discharged to either seek redress with the Department of Labor or with the Court. See, Diaz v. Pueblo International, Inc., 23 V.I. 346 (Terr. Ct. St. Croix 1988). This case differs from Diaz v. Pueblo, supra, in that here, the plaintiff made his election to seek redress from the Department of Labor, and while the complaint was pending at the Department of Labor, he filed another complaint with this court. This was not the case in Diaz. In Diaz, the plaintiff decided to file his wrongful discharge action in the court. He did not file in both forums at the same time as the situation is in the instant case. Here, plaintiff made his election to file his wrongful discharge complaint with the Department of Labor, four days after he was discharged. A few weeks later, while the complaint was pending at Labor, he filed a subsequent complaint with this court. Because he first made an election of forums with the Department of Labor, he must exhaust his remedies with that agency first before seeking redress with the Court. Thus, the court concludes that although the "exhaustion" argument would not be a valid basis for dismissal if the complaint was filed with the court in the first instance, in this case, where the administrative claim was filed first, the complaint must be dismissed for failure to exhaust those administrative remedies before seeking redress in court. This does not prevent plaintiff from getting relief in court, but that relief will be limited to a review of the administrative decision, under these circumstances.

## B. Primary Jurisdiction

Defendant's contention that the Court should dismiss plaintiff's claim pursuant to the doctrine of Primary Jurisdiction is misplaced.

The Supreme Court has explained the principle of Primary Jurisdiction as follows:

The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for a perchance to make unnecessary later judicial proceedings. Where Congress has clearly commanded that Administrative judgment be taken initially or exclusively, the courts have no lawful function to anticipate the administrative decision with their own.

Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 767 (1947).

█ The problem with applying this rule of law to this case is that here, the Virgin Islands Legislature has expressly provided for "additional remedies" in the courts for employees who have been wrongfully discharged. Because the Legislature expressly provided for "additional remedies" it cannot be said that the Department of Labor has been given primary jurisdiction over wrongful discharge matters under Title 24 V.I.C. Section 76 et seq. The court finds that the Legislature granted the the optional court remedy, if the employee first elects the court as its forum. Therefore, the doctrine of Primary Jurisdiction is inapplicable here, and the Department of Labor does not have exclusive or Primary Jurisdiction to decide wrongful discharge cases.

## CONCLUSION

█ Based on the foregoing, the court concludes that an employee who elects to file an administrative claim for wrongful discharge may not file a wrongful discharge complaint in court while his administrative claim is pending. Under such circumstances, he must exhaust his administrative remedies before seeking redress in the courts. Accordingly, this court does not have subject matter jurisdiction and this case will therefore be dismissed.

## ORDER

This matter came before this Court on defendant's Motion to Dismiss for lack of subject matter jurisdiction.

In accordance with the Memorandum Opinion of even date, it is hereby,

ORDERED, that defendant's Motion to Dismiss is GRANTED.

125