

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-1994

# Nickeo v. V.I. Tel. Corp.

Precedential or Non-Precedential:

Docket 92-7679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Nickeo v. V.I. Tel. Corp." (1994). *1994 Decisions*. Paper 218.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

NO. 92-7679
_____


WILLIAM NICKEO

v.

VIRGIN ISLANDS TELEPHONE CORP.,

Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 90-00370)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 1994

Before:  SLOVITER, Chief Judge, SCIRICA,
and COWEN, Circuit Judges

(Filed  December 13, 1994)
_____

Michael C. Dunston
Law Office of Michael C. Dunston
Charlotte Amalie
St. Thomas, U. S. Virgin Islands 00802

        Attorney for Appellant

George M. Miller
Miller & Iverson
Charlotte Amalie
St. Thomas, U. S. Virgin Islands 00802

        Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Chief Judge.

This is an interlocutory appeal from an order of the District Court of the Virgin Islands denying defendant's motion to dismiss a complaint seeking damages for termination of plaintiff's employment under 42 U.S.C. § 1981 and the Virgin Islands Wrongful Discharge Act. The district court held (1) that the count filed under 42 U.S.C. § 1981 was actionable because the Civil Rights Act of 1991 applies retroactively to claims pending on the date of the Act's enactment, and (2) that the count filed under the Virgin Islands Wrongful Discharge Act was actionable because that Act does not require exhaustion of administrative remedies. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(b).

I.

FACTS AND PROCEDURAL HISTORY

The appellant Virgin Islands Telephone Company (hereinafter "VITELCO") is a privately owned utility providing telephone service to the Virgin Islands under regulation of the Virgin Islands Public Service Commission, an independent administrative agency of the Virgin Islands government. Plaintiff-Appellee William Nickeo was hired by VITELCO in 1972.

On October 23, 1989, Nickeo was terminated from his position at VITELCO after an altercation with his supervisor. Pursuant to the collective bargaining agreement between VITELCO and United Steelworkers of America, Local Union No. 8713, Nickeo filed a grievance following his dismissal, and the case went to arbitration. On November 5, 1990, the arbitrator ruled that

Nickeo's dismissal was without proper cause, and Nickeo was subsequently reinstated with full back pay.

On December 6, 1990, Nickeo filed a four-count complaint in the District Court of the Virgin Islands seeking compensatory and punitive damages as well as declaratory and injunctive relief. Count II of the complaint alleges that VITELCO's termination of Nickeo's employment violated 42 U.S.C. § 1981. Count IV of the complaint asserts a claim for wrongful discharge against VITELCO under the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76 et seq.[3]

VITELCO moved to dismiss Counts II and IV of the complaint, arguing that Nickeo could not state a claim under section 1981 because of the decision of Patterson v. McLean Credit Union, 491 U.S. 164 (1989), holding that section 1981 was inapplicable to claims such as discriminatory discharge from employment. VITELCO also argued that Nickeo's claim under the Wrongful Discharge Act must fail because Nickeo had failed to exhaust his administrative remedies as required under that Act.

The district court denied VITELCO's motion to dismiss on April 29, 1992. The court noted that Patterson would have precluded Nickeo's section 1981 claim, but held that the claim was valid because section 101(2)(b) of the Civil Rights Act of 1991 amended section 1981 to cover the "performance, modification and termination of contracts." Pub. L. 102-166, § 101(2)(b), 105 Stat. 1071, codified at 42 U.S.C. § 1981(b) (Supp. III 1991).

---

[1]. Apparently the other two counts remain pending.

The court interpreted the 1991 Act to apply retroactively to section 1981 claims pending on the date of the Act's enactment. Although Nickeo had concededly not exhausted the administrative procedures available under the Virgin Islands Wrongful Discharge Act, the court held that the Act does not require exhaustion of administrative remedies prior to seeking judicial relief.

On VITELCO's motion, the district court amended its order and certified the following two issues for appeal pursuant to 28 U.S.C. § 1292(b):

> 1.  Whether the Virgin Islands Wrongful Discharge Act, 24 V.I.C. [§] 76 et seq., requires exhaustion of administrative remedies prior to seeking judicial relief, and
>
> 2.  Whether the Civil Rights Act of 1991 applies retroactively to 42 U.S.C. [§] 1981 claims pending on the date of the Act's enactment.

VITELCO filed a petition for permission to appeal which this court granted. VITELCO promptly filed an appeal with this court addressing these two issues. Both issues present pure questions of law and this court's review is therefore plenary. D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984).

II.

DISCUSSION

A.  Retroactivity of the Civil Rights Act of 1991

The issue involving the retroactivity of section 101 of the Civil Rights Act of 1991 was unresolved in this circuit at the time this appeal was filed. The Supreme Court, however,

recently addressed this precise issue in Rivers v. Roadway Express, Inc., 114 S. Ct. 1510 (1994). In Rivers, the Court held that section 101 of the 1991 Act, which defines the scope of section 1981 actions to include all phases of a contractual relationship including termination, does not apply to cases pending on the date the Act was passed. The Court rejected the retroactive application of that section because it "increas[ed] liability . . . [and] also . . . establish[ed] a new standard of conduct." Id. at 1515. In the companion case of Landgraf v. USI Film Products, 114 S. Ct. 1483 (1994), the Court held that section 102 of the Civil Rights Act of 1991 granting a jury trial to plaintiffs who seek compensatory or punitive damages also does not apply retroactively.

The Rivers decision is controlling in this case. There is no dispute that Nickeo's section 1981 claim, which was filed on December 6, 1990, was pending on November 21, 1991, the date the Civil Rights Act of 1991 was passed. Nickeo concedes that recent relevant caselaw precludes retroactive application of 42 U.S.C. § 1981 to his claim. See Rivers, 114 S. Ct. at 1515; see also Hook v. Ernst & Young, 28 F.3d 366, 371–73 (3d Cir. 1994) (refusing to apply retroactively the expansive causation standard of section 107 of the 1991 Act).

It follows that Count II is barred under the Supreme Court's decision in Patterson, 491 U.S. at 171, because the alleged discrimination arose well after the formation of the contract between Nickeo and VITELCO and did not interfere with Nickeo's right to enforce established provisions of the contract.

Therefore, the district court's denial of VITELCO's motion to dismiss Count II of Nickeo's complaint must be reversed.

B.    Exhaustion of Administrative Remedies  under the
       Virgin Islands Wrongful Discharge Act


VITELCO also challenges the district court's conclusion that the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §§ 76–79, does not require Nickeo to exhaust his administrative remedies prior to seeking judicial relief.  As discussed below, we find no merit in VITELCO's arguments and therefore affirm the district court's denial of VITELCO's motion to dismiss Nickeo's claim under the Wrongful Discharge Act.[4]

Section 76(a) of that Act includes a list of permissible bases for the dismissal of an employee.  See 24 V.I.C. § 76(a).  The Act then provides that "[a]ny employee discharged for reasons other than those stated in subsection (a) of this section shall be considered to have been wrongfully discharged."  Id. § 76(c).  Section 77 of the Act states that "[a]ny employee discharged for any reason other than those contained in section 76 of this chapter may . . . file a written complaint with the Commissioner."  Id. § 77(a) (emphasis added).

---

[2].  In resolving the legal issue of whether exhaustion of administrative remedies is required under §§ 76–79, we note that VITELCO also argues that Nickeo's wrongful discharge claim was not cognizable because the collective bargaining agreement "modified by contract" Nickeo's rights within the meaning of 24 V.I.C. § 76(a).  We express no opinion on that issue which was not reached by the district court.

The Commissioner is empowered to hold a hearing on the matter, issue findings, and, if appropriate, serve upon the employer an order requiring that the employee be reinstated with back pay. Id. § 77(b)-(c). The Commissioner may request the Territorial Court to enforce the order. Id. § 78.

> Section 79, at issue here, provides, in part:
>> In addition to the remedies provided by sections 77 and 78 of this chapter, any wrongfully discharged employee may bring an action for compensatory and punitive damages in any court of competent jurisdiction against any employer who has violated the provisions of section 76 of this chapter.

Id. § 79 (emphasis added).

Both parties concede that no language in the Wrongful Discharge Act explicitly states that the administrative procedure outlined in section 77 is a prerequisite to filing an action under section 79. Despite the apparently permissive wording of the Act, VITELCO bases its argument that administrative exhaustion is required before the initiation of a lawsuit on the fact that the statute provides that the administrative remedy is available to "[a]ny employee", see 24 V.I.C § 77(a), whereas the judicial remedy by contrast is available to "any wrongfully discharged employee." 24 V.I.C. § 79. This difference, VITELCO reasons, implies that an administrative determination of the wrongfulness of the discharge must be made prior to the filing of the lawsuit.

VITELCO also argues that the references in section 79 to compensatory and punitive damages are designed to refer to

remedies "additional" to those to which the "wrongfully discharged employee" could be entitled upon administrative exhaustion, such as reinstatement with back pay.

Notwithstanding the ingenuity of VITELCO's argument, we conclude that it is unpersuasive in light of the plain language of the statute, which must always be the starting point in interpreting a statute. See Barnes v. Cohen, 749 F.2d 1009, 1013 (3d Cir. 1984), cert. denied, 471 U.S. 1061 (1985). We find no support in the plain language for VITELCO's contention that exhaustion is required. First, and most significantly, the statute explicitly uses the permissive term "may" with reference to both the filing of an administrative action and the filing of a complaint. Second, section 79 provides that the judicial remedy is available "[i]n addition to the remedies provided by sections 77 and 78." 24 V.I.C. § 79 (emphasis added). There is nothing to suggest that the judicial remedy is only available after the plaintiff has filed and pursued a claim pursuant to section 77. Thus, while the sequential nature of the provisions advocated by VITELCO might have been a reasonable approach for the Virgin Islands legislature to adopt, the statute simply contains no language that adopts it.[5]

---

[3]. In most of the Third Circuit cases cited by VITELCO in which we required exhaustion, the administrative procedures had already been invoked. See Babcock and Wilcox Co. v. Marshall, 610 F.2d 1128 (3d Cir. 1979); First Jersey Securities, Inc. v. Bergen, 605 F.2d 690 (3d Cir. 1979), cert. denied, 444 U.S. 1074 (1980); see also Daniel v. St. Thomas Dairies, Inc., 27 V.I. 120 (Terr. Ct. 1992). In contrast, we did not require exhaustion where administrative remedies had not been invoked. See, e.g., Cerro Metal Products v. Marshall, 620 F.2d 964 (3d Cir. 1980). In the only other case cited invoking exhaustion, the statutory language

VITELCO next cites Virgin Islands cases interpreting the term "may" in a manner that, if employed here, would require exhaustion of administrative remedies prior to the filing of a complaint in the district court. These examples are unconvincing. In Heywood v. Cruzan Motors, 792 F.2d 367 (3d Cir. 1986), the statute that we construed to require exhaustion prior to the filing of a complaint in court identified the eligible class of persons who could sue as those "aggrieved by the decision of [the agency]." Id. at 370 n.1 (quoting 12A V.I.C. § 7(b), repealed June 24, 1987, No. 5265, § 707(h). Sess. L. 1987. p. 81). Thus, the language of that statute explicitly limited the cause of action to cases where an administrative remedy had been pursued.

Similarly, VITELCO's reliance on unreported cases such as Wynter v. Dowson Holding Co., Civ. No. 86-105 (D.V.I. Feb. 11, 1991), and Theodore v. L.S. Holding, Inc., Civ. No. 1987/47 (D.V.I. Oct. 19, 1988), which addressed the Virgin Islands employment discrimination statute, 24 V.I.C. § 451 et seq., is unpersuasive. That statute not only limits judicial review to "person[s] aggrieved by a final order of the [agency]," see id. § 457(a), but also states that "[n]o objection that has not been

(..continued)
clearly suggested such a requirement. See Lyons v. U.S. Marshals, 840 F.2d 202, 205-07 (3d Cir. 1988) (remanding for a determination of whether an exception to the exhaustion requirement applied). Because we find that the statutory language at issue in this case suggests that exhaustion is not required, we decline to exercise whatever "sound judicial discretion" we may have to impose such a requirement. Cerro, 620 F.2d at 970.

urged before the . . . [agency] shall be considered by the court unless the failure or neglect to urge such objection is excused because of extraordinary circumstances." Id. § 457(b). Thus, unlike the Wrongful Discharge Act, the employment discrimination law explicitly requires that the administrative procedure be completed prior to obtaining judicial review.

Indeed, the examples cited by VITELCO demonstrate that the Virgin Islands legislature was well aware how to impose an exhaustion requirement prior to judicial review if it so intended, leading us to the inference that the legislature did not intend to impose a requirement of exhaustion.[6]

Finally, we note that the courts of the Virgin Islands have uniformly declined to impose a requirement that plaintiffs exhaust their administrative remedies prior to filing actions brought under section 79. See, e.g., Diaz v. Pueblo Int'l, Inc., 23 V.I. 346, 351-52 (Terr. Ct. 1988) (legislative history of the Wrongful Discharge Act fails to support conclusion that legislature intended exhaustion doctrine to apply); Ravariere v.

_____

[4]. VITELCO's reliance upon the statement of legislative purpose of the chapter in which §§ 76-79 are found is also unconvincing. That statement provides that "[t]he purpose of this chapter is to encourage the friendly adjustment of employer-employee disputes through the practice and procedure of collective bargaining." 24 V.I.C. § 61. VITELCO reasons that this language manifests a legislative preference for the more flexible procedures available in the administrative process. Although the Virgin Islands legislature may well have intended to encourage resolution of employer-employee disputes, there is no indication how the legislature sought to achieve that goal. Indeed, the legislature may have determined that an additional judicial remedy was needed for employees in order to balance possible power disparities between employees and employers.

ADT Security Systems of the V.I., Inc., Civ. No. 1991-136 (D.V.I. Oct. 4, 1991) (same); see also Daniel v. St. Thomas Dairies, Inc., 27 V.I. 120, 123-24 (Terr. Ct. 1992) (noting that the Wrongful Discharge Act does not require exhaustion of administrative remedies, but holding that once a plaintiff has elected the administrative remedy available under section 77, exhaustion is required); General Offshore Corp. v. Farrelly, 743 F.Supp. 1177, 1181 (D.V.I. 1990) (suggesting that a plaintiff may file an action under section 79 or "[i]nstead, or in addition" may file for administrative review). While these decisions are not binding on this court, they lend further support to the district court's conclusion that the plain language of the Wrongful Discharge Act does not impose an exhaustion requirement as a condition for actions brought under section 79.

### III.

### CONCLUSION

For the foregoing reasons, we will reverse the district court's denial of VITELCO's motion to dismiss Nickeo's section 1981 claim, affirm the district court's denial of VITELCO's motion to dismiss Nickeo's claim under the Virgin Islands

Wrongful Discharge Act, and remand for further proceedings consistent with this opinion.