The ST. THOMAS – ST. JOHN HOTEL & TOURISM ASSOCIATION, INC., The St. Thomas–St. John Chamber of Commerce, Inc., and The St. Croix Hotel & Tourism Association, Inc., Plaintiffs,

v.

The GOVERNMENT OF THE UNITED STATES VIRGIN ISLAND by and through VIRGIN ISLANDS DEPARTMENT OF LABOR and Euleteria Roberts, in her official capacity as Acting Commissioner of the Virgin Islands Department of Labor, Defendants,

Elsa Huggins and Ladiah White, Intervenors.

No. CIV.1999–54

District Court, Virgin Islands, D. St. Thomas and St. John.

Aug. 16, 2002.

---

Charles E. Engeman, St. Thomas, U.S.V.I., for the plaintiffs.

Carol S. Moore, Assistant Attorney General, St. Thomas, U.S.V.I., for the defendants.

Kathleen Navin, Richard Austin, Legal Services of the Virgin Islands, St. Croix, U.S.V.I., for the intervenors.

## MEMORANDUM

MOORE, District Judge.

### BACKGROUND

The plaintiffs brought this action seeking to permanently enjoin the Government of the Virgin Islands ["government"] from conducting any preliminary or formal hearings on wrongful discharge claims premised on the Virgin Islands Wrongful Discharge Act ["WDA"], 24 V.I.C. §§ 71–76, on the ground that the WDA is preempted by the National Labor Relations Act ["NLRA"], 29 U.S.C. §§ 151–169. In light of its earlier decision in *Bell v. Chase Manhattan Bank*, 40 F.Supp.2d 307 (D.Vi.1999), this Court entered an order on June 2, 1999, enjoining the Virgin Islands Department of Labor from conducting any formal wrongful discharge hearings regarding employees covered by the NLRA until the issue could be resolved by trial or otherwise. The government appealed to the United States Court of Appeals for the Third Circuit, arguing that *Bell v. Chase* was incorrectly decided and that the WDA is not preempted by federal law. On June 30, 2000, the Court of Appeals vacated the preliminary injunction, rejecting this Court's reliance on its analysis in *Bell v.*

*Chase* and holding that the WDA is not, as a general matter, preempted by the NLRA. *See St. Thomas–St. John Hotel & Tourism Assoc., Inc. v. Government,* 218 F.3d 232, 246 (3d Cir.2000). Expressly left open was the question whether the application of the WDA to supervisors would conflict with federal labor law. *See id.* at 246 (leaving open the question whether section 14(a) of the NLRA prohibits the application of the WDA to supervisors). The case was remanded to this Court for further proceedings consistent with that decision.

On remand, I accordingly denied the plaintiffs' motion for summary judgment on the question of general preemption and ordered the parties to submit supplemental briefing on the question whether the application of the WDA to supervisors is consistent with federal labor law. Not long after the supplemental briefs were filed, the Virgin Islands Legislature amended the definition of an "employee" under the WDA to exclude from the Act's coverage "any individual employed in a bonafide position in an executive or professional capacity." *See* Fiscal Year 2001 Omnibus Authorization Act, No. 6391, § 3(b)(4), 2000 V.I.Sess.Laws 430, 487–88 (amending V.I.Code Ann. tit. 24, § 62)). Still before the Court is whether supervisory employees who are not "employed in a bonafide position in an executive or professional capacity" are nevertheless "employees" protected by the WDA. For the reasons that follow, I will deny the plaintiff associations' request for a permanent injunction enjoining the Department of Labor from enforcing the WDA on behalf of supervisors and grant summary judgment to the defendants.

## DISCUSSION

According to the plaintiffs, the WDA does not afford protection to supervisors for two reasons. First, they argue that supervisors are "employers" as that term is defined in section 62, chapter 3 of title 24 of the Virgin Islands Code because in the exercise of their duties, supervisors necessarily act "in the interest of an employer." *See* 24 V.I.C. § 62. Thus, supervisors are not "employees" as defined by section 62 and unprotected by the WDA. Second, they argue that the application of the WDA to supervisors would be inconsistent with the express exclusion of supervisors from the protection of the NLRA because it would force employers to retain a supervisor with divided loyalties. *See* 29 U.S.C. § 164(a) ("[N]o employer shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law, either national or local, relating to collective bargaining."); *see Beasley v. Food Fair of North Carolina,* 416 U.S. 653, 662, 94 S.Ct. 2023, 40 L.Ed.2d 443 (1974) (holding that state law cannot afford supervisors a cause of action that they would not have under the NLRA as section 14(a) relieves "the employer of obligations under any law, either national or local, relating to collective bargaining").

The defendants agree that a supervisor can indeed act "in the interest of an employer" in exercising her supervisory authority, but argue that when that same supervisor is herself discharged by her own employer, she is necessarily discharged in her capacity as an "employee" and thus is covered by the WDA.[1] The

---

1. In their supplemental reply brief, the plaintiffs again challenge the intervenor-defendants' standing to argue that the WDA applies to supervisors and suggest that their supplemental brief be stricken. As reason for the challenge, the plaintiffs point out that the intervenor-defendants have not alleged that they themselves are supervisors. As recognized by the plaintiffs, however, the government defendants in their supplemental brief adopted and incorporated the arguments and analysis contained in the intervenors' brief. (*See* Defs.' Supp.Br. at 1.) Thus, whether the intervenor-defendants have standing to ad-

defendants further argue that the application of the WDA to supervisors is not generally inconsistent with section 14(a) of the NLRA because the WDA does not, on its face or as allegedly applied, afford a cause of action to supervisors that they would not have under the NLRA.

### A. Supervisors Are "Employees" Protected by the WDA.

The WDA provides that "any employee discharged for reasons other than those stated in subsection (a)[2] of this section shall be considered to have been wrongfully discharged." 24 V.I.C. § 76(c). Section 62 of chapter 3 of title 24 defines the term "employee" as including "*any* employee," except those specifically excluded from the definition. 24 V.I.C. § 62 (emphasis added).[3] An "employer" defined in relevant part as including "any person acting in the interest of an employer directly or indirectly." *Id.*

■ In support of their argument that the term "supervisor" is in effect synonymous with "employer," the plaintiffs point to section 2(11) of the NLRA, which sets forth the definition of "supervisor" for purposes of federal labor law:

> The term "supervisor" means any individual having authority, *in the interest of the employer*, to hire, transfer, sus-

---

vance the arguments now properly advanced by the government defendants is a non-issue. For the sake of simplicity, I will refer to all arguments advanced by both the defendant-intervenors and the government defendants as those of the "defendants."

2. Subsection (a) sets forth the nine grounds for lawful employee discharge:

(a) Unless modified by union contract, an employer may dismiss any employee:

(1) who engages in a business which conflicts with his duties to his employer or renders him a rival of his employer;

(2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;

(3) whose use of intoxicants or controlled substances interferes with the proper discharge of his duties;

(4) who wilfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer; provided, however, the employer shall not bar an employee from patronizing the employer's business after the employee's working hours are completed;

(5) who performs work assignments in a negligent manner;

(6) whose continuous absences from his place of employment affect the interests of his employer;

(7) who is incompetent or inefficient, thereby impairing his usefulness to his employer;

(8) who is dishonest; or

(9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him.
24 V.I.C. § 76(a).

3. Section 62 provides:

"[E]mployee" includes any employee or any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, but does not include any individual employed as an agricultural laborer or as a seaman or engaged in the catching, taking or selling of any fresh fish, shellfish or crustacea, or in domestic service of any family or person at his home, or any individual employed by his parent or spouse, or an individual engaged in the activities of an educational, charitable, religious or non-profit organization where the employer-employee relationship does not, in fact, exist or where the services rendered to such organization are on a voluntary basis or any individual employed in a bonafide position in an executive or professional capacity; or any alien temporarily admitted to the Virgin Islands, except one who has a currently valid authorization to work for his employer, but does not include any person who has been employed by an employer for less than six (6) calendar months or is a "public employee" as defined in chapter 14 of this title....
24 V.I.C. § 62 (as amended Feb. 1, 2001).

pend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11) (emphasis added). According to the plaintiffs' logic, if a supervisor is a "supervisor" under federal labor law when she acts "in the interest of the employer," she must then be an "employer" under Virgin Islands law, as that term is defined to mean "any person acting in the interest of an employer." 24 V.I.C. § 62. Although this analysis has some superficial appeal, its restricted focus on the supervisor's authority to act in the interest of her employer ignores the fundamental fact that she is still an employee who, like any other employee, acts under the ultimate control of the employer and who can be fired by the employer. Thus, although a supervisor may act "in the interests of her employer" in performing her duties, she necessarily performs those duties as an "employee" subject to the control of the employer. There is nothing about the definition of "employee" in section 62 that would preclude this commonsense conclusion.

Section 62 plainly and unambiguously includes within the term "employee" those individuals who may work as supervisors. The term "employee" for purposes of title 24 is defined broadly as "includ[ing] *any* employee." 24 V.I.C. § 62 (emphasis added). Since supervisors are not among the specific statutory exceptions that are excluded from the definition, and with nothing in the text that would render it the least bit ambiguous, I must conclude that supervisors are employees protected by the WDA. Faced with the plain and unambiguous statutory language, I need not make any further inquiry. *See Hess Oil*

*Virgin Islands Corp. v. Richardson,* 344, 894 F.Supp. 211, 216 (D.V.I.App.Div.1995) ("[Where] the language of the statute is clear and without ambiguity[,] ... there is no need to review the ... legislative history.").

Although I need not look beyond the unambiguous language of the statute, I nevertheless draw support from evidence that the Legislature obviously knew how to exclude certain classes of individuals from the statutory definition of employee, most recently in the amendment enacted while this case was pending, which excludes executives and professionals from the definition of employee. *See* Act No. 6391, § 3(b)(4), 2000 V.I.Sess.Laws 430, 487–88 (amending 24 V.I.C. § 62). The Legislature's recent action to exclude some classes of individuals from the definition, but not supervisors, inescapably implies that the legislators decided to treat supervisors as employees for purposes of the WDA. Availing here is the application of the well-established principle of statutory construction, *expressio unius est exclusio alterius:* the Legislature's explicit expression of one thing, here, certain exceptions to the definition of "employee," implies an intention not to except other categories of workers from the broad definition. *See, e.g., Keeley v. Loomis Fargo & Co.,* 183 F.3d 257, 265–66 (3d Cir.1999) (applying the maxim to conclude that the New Jersey legislature's express exclusion of certain employers from statutory overtime requirements indicates its intention to include a non-excluded industry in the statute's overtime coverage). Although the maxim is merely a canon of statutory construction and not a rule of substantive law, I draw comfort that its application is entirely consistent a plain reading of the unambiguous statutory text. *See id.*

In sum, that a supervisor sometimes may act "in the interest of the employer" does not make the supervisor an "employer" under Virgin Islands employment law. The plain meaning of the term "employee" for purposes of chapter 3 of title 24 "includes *any* employee," except those individuals who are expressly excluded from the definition. 24 V.I.C. § 62. Since supervisors are not excluded from the definition, an individual employed as a supervisor is an "employee" for purposes of the WDA.

### B. Applying the WDA to Supervisors in General is Consistent With Section 14(a) of the NLRA.

The plaintiffs assert that even if supervisors are "employees" under chapter 3 of title 24, the application of the WDA to supervisors would conflict with section 14(a) of the NLRA. Section 14(a) provides that "no employer subject to this Act shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law, either national or local, relating to collective bargaining." 29 U.S.C. § 164(a). Supervisors are thus excluded from the protections of the NLRA, and employers are free under federal law to refuse to hire or to discharge supervisors for union activities. *See Beasley v. Food Fair of North Carolina*, 416 U.S. 653, 654, 94 S.Ct. 2023, 40 L.Ed.2d 443

(1974); *Florida Power & Light Co. v. Int'l Brotherhood of Elect. Workers*, 417 U.S. 790, 812–13, 94 S.Ct. 2737, 41 L.Ed.2d 477 (1974). The plaintiffs here contend that the application of the Virgin Islands Wrongful Discharge Act to supervisors is inconsistent with the prohibition of section 14(a) of the NLRA because the WDA would force employers to "deem supervisors as employees" for the purpose of a local law "relating to collective bargaining." According to the plaintiffs, section 76(a) of the WDA "relat[es] to collective bargaining" because it refers to union contracts when it excepts from its coverage employees whose employment relationships have been "modified by union contract." 24 V.I.C. § 76(a).

The plaintiffs exert no little energy attempting to demonstrate how the reference to "union contracts" in the text of the WDA renders the law "relating to collective bargaining" and thus inconsistent with section 14(a). The plaintiffs' energy is misspent, however, as the relevant inquiry here is not whether the reference to "union contract[s]" renders the WDA a law "relating to collective bargaining," but rather whether the effect of the WDA is to afford supervisors a cause of action that they would not otherwise have under the NLRA.[4] *See Beasley*, 416 U.S. at 662, 94 S.Ct. 2023; *see also Washington Serv. Contractors Coalition v. District of Co-*

---

**4.** Although the plaintiffs repeatedly state that the WDA as applied to supervisors is "preempted" by section 14(a), the proper analysis here is not one guided by the two dominant federal labor law preemption principles set forth in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) (holding that state or local regulations of activities are preempted when the activities are arguably protected or prohibited by the NLRA), or *Machinists v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 140, 96 S.Ct. 2548, 49 L.Ed.2d 396 (1976) (holding that state or local regulations are preempted when they attempt to

govern actions that Congress intended to leave unregulated). Instead, the question is whether the enforcement of the WDA conflicts with the prohibition in section 14(a) that no employer shall be compelled to treat supervisors as employees for purposes of any law relating to collective bargaining. *See Beasley*, 416 U.S. at 657, 94 S.Ct. 2023; *see also Washington Serv. Contractors Coalition v. District of Columbia*, 858 F.Supp. 1219, 1224 n. 9 (1994), *rev'd on other grounds*, 54 F.3d 811 (D.C.Cir.1995) (recognizing that a section 14(a) conflict analysis is not technically a preemption analysis).

*lumbia,* 858 F.Supp. 1219, 1225 (D.D.C. 1994), *rev'd on other grounds,* 54 F.3d 811 (D.C.Cir.1995) (holding that a local statute designed to protect displaced workers "violates § 14(a) because it provides supervisors with a cause of action if they are discharged for union activities" and "infring[es] on [employers'] abilities to ensure the loyalty of their supervisor"). For the reasons that follow, I conclude that section 76 does not afford supervisors in the Virgin Islands a cause of action that they would not have under federal labor law.

■ Section 76(c) of the WDA states that "[a]ny employee discharged for reasons other than those stated in subsection (a) shall be considered to have been wrongfully discharged...." 24 V.I.C. § 76(c). Because the statute sets forth nine grounds for lawful discharge, a supervisor who is discharged for a reason not listed in the statute has a cause of action under the WDA.[5] The reasons are not unlimited, however. Section 76(c) also provides that "nothing in this section shall be construed as prohibiting an employer from terminating an employee ... as a result of the employee's participation in concerted activity that is not protected by this title." 24 V.I.C. § 76(c). As Virgin Islands labor law is subject to the prohibitions of section 14(a) of the NLRA, it necessarily follows that supervisors cannot

be protected by any provision contained in title 24 for conduct that is expressly left unprotected by section 14(a). Thus by its very terms, the WDA does not give a supervisory employee a cause of action relating to concerted activities or to collective bargaining that she does not have under federal labor law.

In support of its argument that section 14(a) of the NLRA mandates that supervisors be entirely excluded from the coverage of the WDA, the plaintiffs place great stock in the Supreme Court's statement in *Beasley* that section 14(a) of the NLRA was intended to relieve employers of the obligation "to accord to the front line of management the anomalous status of employees." *Beasley,* 416 U.S. at 662, 94 S.Ct. 2023. The plaintiffs seem to suggest that this statement must be read to mean that employers are not required to treat supervisors as "employees" under any law, regardless of its effect on the balance of labor-management relationships in the context of collective bargaining. This reading, however, ignores the context in which the statement was made.

In *Beasley,* an employer fired supervisors for joining a union. The local union filed charges with the NLRB, claiming that the discharges constituted an unfair labor practice. The Regional Director refused to issue a complaint on the settled

**5.** Although they point to nothing in the record to suggest that the WDA has been or is being applied to supervisors by the Department of Labor, the WDA has been expressly applied to supervisors in the past. *See, e.g., Intown Props. v. Castro,* Civ.App. No.1997–054, 2001 WL 1045121, 2001 U.S.Dist. LEXIS 14253 (D.V.I.App.Div. Sept. 5, 2001). In that case, an administrative law judge [ALJ] specifically held that supervisors are covered by the WDA, but concluded that the complainant supervisor in that case had not been wrongfully discharged. On writ of review, the trial court vacated the ALJ's order denying relief under the WDA and ordered the supervisor reinstated with backpay. The Appellate Divi-

sion acknowledged that the question whether supervisors can bring a complaint under the WDA had not yet been resolved, but concluded that the Court need not reach that issue because it reversed, on evidentiary grounds, the trial court's order reinstating a supervisory employee. *See id.,* 2001 WL 1045121, slip op. at 12 n. 5, 2001 U.S.Dist. LEXIS 14253, at *14 n. 5. I am also aware of many cases before this Court in which the question whether the WDA applies to supervisors has been raised, though ultimately mooted by disposition on other grounds. *See, e.g., Harley v. Caneel Bay,* 193 F.Supp.2d 833, 838 n. 4 (D.Vi.2002).

ground that supervisors are excluded from the protections of the NLRA. The supervisors then brought a claim under the state right-to-work law, which provided a cause of action for employees discharged for union membership. In defense, the employer simply pointed to section 14(a) of the NLRA. *See id.* at 661–62, 94 S.Ct. 2023. The Supreme Court held that the state law would improperly force employers to treat supervisors as employees because it armed them with a cause of action relating to collective bargaining that they would not have under the NLRA. In reaching its decision, the Supreme Court construed the phrase "relating to collective bargaining" in section 14(a) as including any law that affords supervisors a cause of action for discharge on account of union membership. *Id.* at 658, 94 S.Ct. 2023. The Court further noted that Congress's purpose in enacting section 14(a) "was to address a perceived imbalance in labor-management relations that was found to arise from putting supervisors in the position of serving two masters with opposed interests" and that the state law improperly accorded "to the front line of management the anomalous status of employees." *Id.* at 662, 94 S.Ct. 2023.

Read in its proper context, *Beasley* stands only for the proposition that employers are not required under any law to treat supervisors as employees for purposes of collective bargaining or other union activities because to do so would prevent employers from discharging supervisors whose loyalties are divided between the employer and the union.[6]

*Beasley* does not stand, as the plaintiffs seem to suggest, for the far broader proposition that supervisors may never be treated as employees for purposes of any law, regardless of the law's relation to collective bargaining and regardless whether its enforcement would have the effect of dividing a supervisor's loyalties between the employer and a union. As a general statute protecting supervisors from discharge for any number of reasons that are not grounded in one of the nine enumerated reasons, the WDA cannot be so strictly read. So long as the WDA is not enforced in such a manner that would afford supervisors a cause of action for discharge relating to collective bargaining or union activities, then it does not run afoul of section 14(a) and *Beasley.* I conclude, therefore, that the WDA extends to supervisors as a general matter and will not enjoin the Department of Labor from enforcing the Act on behalf of supervisors.

In their request for permanent injunctive relief, the plaintiffs have not demonstrated that the Department of Labor has enforced, has been requested to enforce, or indicated its willingness to enforce the WDA against employers for discharging a supervisor for reasons relating to collective bargaining of or other union activities. *See Armstrong World Indus. v. Adams,* 961 F.2d 405, 412 (3d Cir.1992) ("[T]o protect against a feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy

---

**6.** Employers remain free to bargain with supervisory unions if they so choose. *See* 29 U.S.C. § 164(a) ("Nothing herein shall prohibit any individual employed as a supervisor from becoming or remaining a member of a labor organization. . . ."); *Beasley,* 416 U.S. at 661, 94 S.Ct. 2023 (" 'Employers who, in the past have bargained collectively with supervisors may continue to do so.' ") (quoting

H.R.Rep. No. 245, 80th Cong., 1st Sess., at 17)); *Florida Power & Light, Co.,* 417 U.S. at 813, 94 S.Ct. 2737 ("[A]n employer who wishes to do so can permit his supervisors to join or retain their membership in labor unions, resolving such conflicts as arise through the traditional procedures of collective bargaining.").

and reality to warrant the issuance of a declaratory judgment.") (internal quotations omitted). Without some indication that the Department of Labor has been enforcing the WDA in violation of section 14(a) of the NLRA, of or that it is likely to so enforce it, a claim for injunctive relief on that ground is simply not ripe as a "case or controversy" under Article III of the Constitution. *See id.* at 410–12 (discussing the ripeness doctrine under Article III).

## CONCLUSION

Section 62's definition of "employee" includes individuals employed as supervisors. As a result, supervisors are employees protected by the WDA. Further, the application of the WDA to supervisory employees in general is not inconsistent with the federal exclusion of supervisors from the protections of the NLRA. Accordingly, I will deny the plaintiffs' remaining request for injunctive relief. Given that there remain no material issues of fact, that all questions of law presented have been fully ventilated and finally resolved, and that the plaintiffs were on notice and received ample opportunity to oppose the granting of summary judgment in favor of the defendants, I will grant summary judgment in favor of both the defendants and the intervenor on the question of general preemption, and in favor of the government defendants on the question of whether the WDA applies to supervisors.

## ORDER

For the reasons stated in the accompanying Memorandum of even date, it is hereby

**ORDERED** that the plaintiffs' request for a permanent injunction enjoining the Virgin Islands Department of Labor from enforcing the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §§ 71–76, on behalf of supervisors is **DENIED.** It is further

**ORDERED** that, on the question whether the WDA is preempted by federal labor law, summary judgment in favor of the defendants and intervenor-defendants is **GRANTED,** and it is further

**ORDERED** that, on the question of whether the WDA applies to supervisors, summary judgment in favor of the defendants is **GRANTED.** The Clerk shall close this file.