**CECIL R. BENJAMIN, COMMISSIONER OF LABOR, and the VIRGIN ISLANDS DEPARTMENT OF LABOR, Petitioner**

**v.**

**MAGENS POINT RESORT HOTEL, Respondent**

Civil No. 360/2004

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

December 19, 2007

MATTHEW PHELAN, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, V.I., *Attorney for Petitioner.*

DAVID CATTIE, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, V.I., *Attorney for Respondent.*

KENDALL, *Judge*

## MEMORANDUM OPINION

(December 19, 2007)

**THIS MATTER** came on for Status Conference on October 24, 2007. The Court denied Respondent's "Motion to Dismiss" and ordered the parties to submit a proposed Order and a response regarding the back-pay to which Ms. James is entitled. Petitioner submitted a proposed Order calculating the back-pay owed to Ms. James at Twenty One Thousand Nine Hundred Sixty Six Dollars and Sixty Two Cents ($21,966.62). Respondent submitted a Memorandum of Law asking the Court to stay this matter pending a full evidentiary hearing before the Department of Labor. For the foregoing reasons, Respondent's request for a stay shall be DENIED, and Petitioner shall be awarded back-pay.

## FACTUAL BACKGROUND

On August 31, 1987, Sylvia James filed a Complaint against Respondent, Magens Point Resort Hotel, with the V.I. Department of Labor. She was employed as a house-keeping maid at respondent's resort hotel for approximately three years when she was terminated for (1) insubordination to authority; (2) sleeping on the job; (3) tardiness; and (4) habitual absenteeism. Ms. James alleged that the termination was due to a previous sexual harassment claim she had filed against the then Room Operating Manager.

On June 22, 1988, the Department of Labor held a Hearing. After hearing testimony from both sides, the Hearing Officer, Leroy Mercer, wrote a "Recommended Findings and Order" on July 26, 1988 finding that the reprimand Ms. James had received and eventual termination were likely in retaliation for filing the charge of sexual harassment against the manager. Respondent had alleged that Ms. James was absent without permission at least four (4) days in the month of August, 1987. Ms. James denied that she was absent, and submitted paychecks showing that she was paid for working at least 40 hours per week during the month of August. After concluding that Ms. James had been wrongfully discharged, the Hearing Officer recommended that she be reinstated with back-pay.

On July 29, 1988, the Commissioner of Labor, Paul J. Arnold, issued an Order adopting the recommended findings and order in their entirety, and ordered that Ms. James be reinstated to her former employment with back-pay. The Respondent filed a timely Writ of Review with the District Court, which was administratively dismissed on November 11, 2000. To date, the Respondent has not complied with the Department of Labor's Order.

On July 29, 2004, the Commissioner of the Department of Labor filed a petition asking the Court to enforce the Order requiring Respondent to reinstate Ms. James immediately and to remit to her all back-pay as a result of the wrongful discharge. On September 8, 2004, Respondent filed a "Motion to Dismiss."

## DISCUSSION

### A. DOL's Petition for Enforcement of Order was not a Compulsory Counterclaim

Respondent argues that the Commissioner's failure during the Writ of Review proceedings to file a cross-petition for the enforcement of the Order, which was a compulsory counterclaim under FED. R. CIV. P. 13(a), constituted a waiver of that claim. In support thereof, Respondent cites to *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1, 94 S. Ct. 2504, 2506, 41 L. Ed. 2d 243 (1974), which states that a counterclaim which is compulsory but is not brought is thereafter barred. As the Department of Labor ("DOL") was a party to Respondent's Writ of Review, which sought to have the District Court vacate the DOL order, the onus was on DOL to file its compulsory counterclaim to enforce the Order at that time.

This Court must first determine whether the "Petition for Enforcement" was a compulsory counterclaim. Title 24 V.I.C. § 78 provides:

> The Commissioner may request the Superior Court of the Virgin Islands to enforce any order issued under section 77 of this chapter. The findings of the Commissioner with respect to questions of fact shall be considered conclusive if supported by substantial evidence on the record considered as a whole. The court may enforce any order of the Commissioner it deems just and proper and enter a decree enforcing, modifying and enforcing as so modified, or setting aside, in whole or in part, the order of the Commissioner.

■ The starting point in every case involving construction of a statute is the language itself.[1] The statute provides that the Commissioner *may* request the Court to enforce DOL's order. It does not have to, and nothing in the statute indicates that a "Petition for Enforcement" is the normal practice following an order from the Commissioner. This indicates that the DOL does not require judicial action for its orders to take effect. If its order is not followed, the DOL may petition the Court to enforce the order. DOL's orders, however, are self-executing upon issuance. There is nothing in the language of the Order issued by the Commissioner that suggested that judicial approval or review would follow, or was necessary. Respondent's argument, therefore, that DOL needed to seek enforcement of the order at the time of the Writ of Review, is misplaced. The "Petition for Enforcement" was not a compulsory counterclaim, and only became necessary when Respondent failed to comply with the Order.

■ The Court must also bear in mind that the Wrongful Discharge Act ("WDA") does not require election between administrative and judicial remedies. *Hess Oil v. Richardson*, 894 F. Supp. 211, 32 V.I. 336, 339 (D.V.I. 1995), *rev'd on other grounds.* "There is no language in the WDA which requires the employee first to file a claim with the DOL and then exhaust that avenue before bringing an action in court." *Id.* at 345. If the DOL did not have the authority to promulgate enforceable orders, there would be no reason for a person to bring a wrongful discharge claim to DOL when he or she could go straight to Court with the identical claim and receive an enforceable judgment. If that were the case, the Wrongful Discharge Act would have little purpose and would be extremely inefficient. As this result is impermissible, the Court can only conclude that the Orders promulgated by the DOL are self-executing and enforceable without judicial action.

## B. Amount of Back-Pay to which Ms. James is Entitled

Petitioner submitted a letter from Legal Services[2] showing Ms. James' former salary, her hourly pay, and the amount of time that passed before

---

[1]  *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S. Ct. 2297, 2301, 85 L. Ed. 2d 692 (1985) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S. Ct. 1917, 1935, 44 L. Ed. 2d 539 (1975)).

[2]  Legal Services of the Virgin Islands, Inc. represented Ms. James at the hearing before the Department of Labor.

she obtained gainful employment. Ms. James' employment with Magens Bay Resort was terminated on August 29, 1987, and she did not obtain gainful employment until three (3) years later. Since Ms. James' hourly rate was Three Dollars and Thirty Five Cents ($3.35), and she worked forty (40) hours per week, her annual salary was Six Thousand Nine Hundred and Sixty Eight Dollars ($6,968.00). Due to her unemployment for three (3) years, the back-pay owed to Ms. James is Twenty Thousand Nine Hundred and Four Dollars ($20,904.00).[3]

## C. Ordering Respondent to Pay Back-Pay is Not a Due Process Violation

■ Respondent contends that an Order compelling Respondent to pay Ms. James any amount would be a violation of Due Process since Respondent has not had an opportunity to challenge the amount of back-pay Ms. James is allegedly entitled to. This argument is baseless because the Court, at the last Status Conference, gave Respondent the opportunity to refute or challenge the amount of damages Petitioner proposed, and Respondent failed to do so. In its Memorandum of Law, Respondent has not given any reason for the Court to conclude that the amount in the proposed Order is excessive, unreasonable, or unwarranted. Moreover, Respondent has had several opportunities to be heard and present its arguments, i.e. before the Department of Labor, before the District Court when it filed the Writ of Review, and before the Superior Court in its "Motion to Dismiss" and response to Petitioner's proposed Order. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). Respondent's contention, therefore, that it lacked notice and a reasonable opportunity to present its arguments therefore unpersuasive.

---

[3] Petitioner contends that Ms. James is entitled to $21,440.00, which represents the three years and one month she was unemployed. Ms. James was terminated on August 29, 1987 and was gainfully employed three years later starting in the month of September. Since there is no indication as to whether her new employment began in the beginning or end of September, this Court has no means of ascertaining whether she is entitled to that extra month's back-pay. Accordingly, the back-pay awarded will be limited to three years.

## CONCLUSION

Based upon the foregoing, Respondent's request for stay is denied and back-pay, plus interest,[4] shall be awarded to the employee, Ms. James. An appropriate Order is attached

---

[4] Interest shall accrue at the legal rate, nine (9%) percent per annum, from the date of the DOL Order (July 29, 1988) to the date of this Memorandum Opinion, *see* Title 11 V.I.C. § 951(a), and shall accrue at the post-judgment rate of four (4%) percent per annum until paid in full. *See* Title 5 V.I.C. § 426(a).