**ENFIELD GREEN HOMEOWNERS ASSOCIATION, Appellant**

**v.**

**GEORGE FRANCIS and NELDA FRANCIS, Appellees**

**ENFIELD GREEN HOMEOWNERS ASS'N v. FRANCIS**

D.C. Civ. App. No. 2001/103

District Court of the Virgin Islands

Division of St. Croix

October 6, 2004

*For Appellant*: MARTIAL A. WEBSTER, ESQ., St. Croix, U.S.V.I.

*For Appellee*: RENEE D. DOWLING, ESQ., St. Croix, U.S.V.I.

FINCH, *Chief Judge, District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and KENDALL, *Judge of the Territorial Court, Sitting by Designation.*

## MEMORANDUM OPINION

(October 6, 2004)

The Enfield Green Homeowner's Association ["HOA"] appeals from the Territorial Court's entry of judgment in favor of the appellee during a bench trial, based on a failure of proof. The issues raised on appeal are:

1) Whether the court erred in excluding documentary evidence of the covenants and restrictions under the best evidence rule.
2) Whether the court erred in dismissing the action for insufficiency of the evidence, following its exclusion of the evidence noted above.

The Territorial Court erred in its determination that a copy of the restrictive covenants affecting the instant property was inadmissible where it was not certified as a true copy or compared with the original.

Accordingly, its determination will be reversed and the case remanded for further proceedings consistent herewith.

## I. FACTS AND PROCEDURAL POSTURE

George and Nelda Francis [collectively, "the Francises"] owned Plot 160 in Estate Enfield Green, which the HOA alleged is burdened by restrictive covenants. [Appendix ("App.") at 45-48]. After moving onto Plot 160, the Francises built an additional structure on the property. The HOA filed a complaint for abatement of nuisance and enforcement of restrictive covenants, in which it claimed the appellees had violated those restrictions by building an unapproved outbuilding on the property. The HOA alleged the property was covered by restrictive covenants recorded in 1989 and which were recorded at the Recorder of Deeds Office. [App. at 45-48]. The HOA further claimed it had provided the Francises with a copy of the covenants and restrictions when they moved onto the property. [*Id.* at 48-49]. At a bench trial, the HOA presented one witness—its president, Naomi Joseph ["Joseph"]—to testify to the fact of the covenants and restrictions, and to attempt to have an uncertified copy of those covenants admitted into evidence. Joseph testified that she had personally gone to the Recorder of Deeds Office and located the document, and after reviewing the original had copies of the covenants made for distribution to the members of the HOA. [*Id.* at 49-53, 58, 63]. She also testified she had personal knowledge of the covenants. However, upon questioning, Joseph acknowledged that though she had separately reviewed the original document, she had not *compared* the copy with the original. The Francises objected to admission of the document based on the "best evidence" rule, on grounds a mere copy of the record was inadmissible. [*Id.* at 51-57]. Relying on Federal Rule of Evidence 1005, the trial judge precluded admission of a copy of the restrictive covenants affecting the property, on grounds it was a public record which was required to be certified or compared for authentication purposes under that rule. [*See* App. at 58; *see also* App. at 53-54]. The HOA continued to present its case, adducing Joseph's testimony regarding her personal knowledge of the covenants, two letters by the HOA to the Francises warning of violation of the covenants, and photographs of the challenged outbuilding. [*See* App. at 40-45, 49-50, 59-73]. At the close of the plaintiff's evidence, the trial judge granted a defense motion for dismissal, holding there was "no credible evidence"

of the existence of restrictive covenants affecting Plot 160 (the Francises' property) which would permit the court to find there was a violation. [*Id.* at 79]. The HOA subsequently filed a motion for reconsideration, which was also denied. This timely appeal followed.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ ■ This Court may review the judgments and orders of the Territorial Court in civil cases. *See* V.I. CODE ANN. tit. 4, § 33 (1997 & Supp. 2001).[1] The trial court's exclusion of evidence is reviewed for abuse of discretion, except to the extent its ruling is based on an interpretation of the federal rules or legal precepts, in which case our review is plenary. *See Government of the V.I. v. Petersen*, 131 F. Supp. 2d 707, 710 (D.V.I. App. Div. 2001); *Hess Oil V.I. Corp. v. Richardson*, 894 F. Supp. 211, 32 V.I. 336 (App. 1995) (3d Cir. 1996). However, we review the trial court's factual determinations for clear error. *See e.g., Rego v. ARC Water Treatment Co. of Pennsylvania*, 181 F.3d 396, 400 (3d Cir. 1999) (non-jury trial); see also *Bryan v. Government of the V.I.*, 150 F. Supp. 2d 821, 827 (D.V.I. App. Div. 2001).

### B. Admissibility of the Restrictive Covenants.

The trial court precluded admission of an uncertified copy of the restrictive covenants obtained from the office of the Recorder of Deeds. In excluding that evidence, the trial court relied on Federal Rule of Evidence 1005, which limits the admissibility of copies of public records or recorded documents to those which are either certified or verified as correct by a witness who has compared the copy with the original.[2] To

---

[1] *See also* Revised Organic Act § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. § 1541- 1645 (1994), *reprinted* in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

[2] That rule provides:

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed ... if otherwise admissible, may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

the extent the trial court relied on the Federal Rules of Evidence to exclude evidence which was otherwise admissible under local law, it committed error.

Under the Revised Organic Act of 1954 ("ROA"), Congress granted the legislature of the Virgin Islands authority to create courts of local jurisdiction. Revised Organic Act § 21(c), 48 U.S.C. § 1611(c). That provision further left to the legislature and the courts created thereunder the authority to devise rules governing procedure in those courts:

> The rules governing the practice and procedure of the courts established by local law and those prescribing the qualifications and duties of the judges and officers thereof, oaths and bonds, and the times and places of holding court shall be governed by local law or the rules promulgated by those courts.

*Id.* (emphasis added). Pursuant to that authority and *its* general legislative authority as provided in section 8(a) of the ROA, the legislature empowered the Territorial court to prescribe rules governing its practice and limited that authority only by the requirement that such rules be "consistent with law." *See* V.I. CODE ANN. tit. 4, § 83(1997). In line with the separation of powers doctrine, these provisions make clear the requirement that procedural rules of the Territorial Court not come in conflict with statutory law enacted by the legislature. *Cf. In re Richards,* 213 F.3d 773, 783-84, 42 V.I. 469 (3d Cir. 2000) (noting the import of section 21(c) is that the court, in exercising its rulemaking authority, must be mindful of legislature's primary authority to enact substantive law) (*citing Smith v. Magras,* 124 F.3d 457, 465, 37 V.I. 464 (3d Cir. 1997) (noting application of the separation of powers doctrine to the coordinate branches of government in the Virgin Islands)); *see also* 21 C.J.S. *Courts* § 127 (1990) (court's rules cannot conflict with general rules, law or controlling statute). Therefore, to the extent a procedural rule conflicts with the law as established by legislature, the statute must be given primary effect.

The only source for application of the federal rules to civil proceedings in the Territorial Court is Rule 7 of that court's rules of procedure which provides as follows:

---

FED. R. EVID. 1005. The HOA claims error, relying on Federal Rule of Evidence 1003, which generally permits the admission of duplicates without a certification requirement.

> The practice and procedure in the Territorial Court shall be governed by the Rules of the Territorial Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

TERR. CT. R. 7; *cf.* TERR. CT. R. 12. However, notwithstanding Rule 7's direction, the foregoing discussion makes clear that the Federal Rules of Evidence may be applied to civil proceedings in the Territorial Court only where there is no "express rule or provision in the law or the rules to the contrary." *In re Richards*, 52 F. Supp. 2d 522, 530 n. 13, 40 V.I. 161 (App. Div. 1999), *rev'd in part on other grounds*, 213 F.3d 773, 42 V.I. 469 (3d Cir. 2000).

██ ██ In this case, resort to the federal rules in the first instance was inappropriate, because the legislature has expressly enacted a statute regarding the admission of evidence in the Territorial Court which must necessarily govern this matter. *See* V.I. CODE ANN. tit. 5, § 771 *et seq.*[3]; *see also* note preceding § 771 (noting the rule favoring admission is to be applied).[4] That statute adopts the approach favoring original writings, referred to at common law as the "best evidence rule." *See* 5 V.I.C. § 954.[5]

---

[3] The statute derives from the Uniform Rules of Evidence.

[4] The statute acknowledges the existence of federal evidentiary rules and the rules as developed by common law, but provides the procedure to be followed with regard to evidentiary determinations in civil cases:

> "In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made ... Therefore if a federal statute or the rules formerly applied in equity suits in the United States would admit particular evidence which would be excluded under the Uniform Rules of Evidence contained in this chapter, the broader provision favoring the admission of the evidence will govern."

5 V.I.C. § 771 *et seq.* (1997) (prefatory note). Because the local statute in this instance favors admission of evidence which might be excluded under FED. R. EVID. 1005, that provision must govern.

However, our determination here that the local rules of evidence, as codified in title 5, are to be applied in civil cases is not inapposite to our decision in *Virgin Islands v. Sampson*, 42 V.I. 247, 261 n.8, 94 F. Supp. 2d 639, 648 (App. Div. 2000). There, we noted that the legislature specifically excepted that statute's application in criminal matters. We, therefore, held that the Federal Rules of Evidence were to be applied to those actions. *Id.* (citing 5 V.I.C. § 771-956, at 261 (note preceding § 771)).

[5] *Compare* FED. R. EVID. 1002.

However, the original writing requirement is tempered by a companion provision permitting authentication of duplicates or copies upon a showing, *inter alia*, that "evidence has been introduced sufficient to warrant a finding that the writing is a correct copy of the record or entry." *Id.* at § 952(b). Unlike FED. R. EVID. 1005, there is no blanket requirement in the local statute requiring certification of such copies; rather, the statute provides for admission of a certified copy only as an alternative basis for satisfying the authentication requirement. *Id.* at 952(c) (listing, disjunctively, various acceptable methods of authentication).

Imposing a mandatory certification requirement is also inconsistent with title 28, section 132 of the Virgin Islands Code, which specifically mandates the admission of copies of recorded documents, subject to the authentication requirements of section 952 and related provisions. That statute provides in relevant part: "The record of any document in the office of the recorder of deeds, <u>or a copy of such record, shall be admissible in evidence in any court in the Virgin Islands</u> as provided in sections 932(17), 932(19), 952 and 954 of Title 5." 28 V.I.C. § 132(b) (emphasis added). These procedures provide express statutory authority for the admission of duplicates, particularly of the nature sought to be admitted in this instance, and, indeed, substantially mirror the federal rules in its recognition of the admissibility of duplicates as reliable evidence in the absence of a genuine issue surrounding their authenticity. *See e.g.* FED. R. EVID. 1003[6]; *compare* 5 V.I.C. § 952.

Here, the HOA adduced evidence at trial that the copy of the restrictive covenants bore the recorder of deeds' seal. [See App. 24,48-53]. Additionally, Joseph testified based on personal knowledge that the copy was found and retrieved from the Recorder of Deeds office. [*Id.*]. Joseph testified she personally went to that office and, after reviewing the originals, witnessed a clerk make copies of the originals before turning those copies over to her. [*Id.* at 60-63]. Joseph additionally testified, based on personal knowledge, that the restrictive covenants currently on record are those which were originally recorded by the developer, 1845 Corporation, in 1989 and which remain in full force and

---

[6] The federal rules provide:

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

FED. R. EVID. 1003.

effect until the year 2009. [*Id.*] Joseph's testimony and the letters to the Francises which were admitted into evidence also detailed the substance of the restrictions as they relate to the challenged outbuildings, and those restrictions are outlined in Section III of the document the HOA sought to have admitted. [App. at 20-22, 40-45]. This was sufficient evidence from which the court could have determined the copy of the restrictive covenants was what the proponent claimed it to be, and the applicable local law favored its admission. This conclusion is bolstered by the fact that the record discloses no genuine issue surrounding the authenticity of either the original or the copy, and the absence of any findings by the court to that effect. Rather, defense counsel's argument—and the court's ruling—was limited to the fact that the document was not an original and that opposing counsel could have obtained an original:

> MS. DOWLING: Your Honor, it is—first of all it is not an original, so as to whether or not it exist here is a question.
> THE COURT: The authenticity goes to the original, not to the duplicate. In what respect? Unless the authenticity of the original is questioned.
> I'm waiting. Anything else?
> MS. DOWLING: If I may, your Honor. Your Honor, I believe that under 103 [sic], your Honor, it's clearly unfair to admit a duplicate especially, your Honor, where here, as the Court is aware, this document which is the public record or purports to be a public record, your Honor, was clearly available to the plaintiff to have a self-authenticating certified document to submit here to the Court, your Honor. Without that, your Honor, the best evidence rule, wherein the original is required, your Honor, must exclude introduction of this document which is—merely purports to be a copy of a record.

[App. at 56-57]. Thereafter, the Court noted it was sustaining the objection to admission of the document under FED. R. EVID. 1005, based on the absence of certification or comparison of the document. [App. 58; *see also* App. 53-54].

In mandating certification of the document as a precursor to its admissibility, the court erroneously applied a heightened legal standard for authentication and admission of duplicates—particularly those recorded with the Recorder of Deeds—and limited the admission of such

documents in a manner not contemplated under applicable law. The court's exclusion of the evidence also substantially prejudiced the plaintiff's case, as evidenced by the dismissal which followed. We accordingly reverse and remand, with instructions that the evidence be reviewed under applicable local law.[7]

## III. CONCLUSION

The trial court committed error in applying the Federal Rules of Evidence to exclude evidence whose admissibility was favored under contrary local law. Its determination in that regard is reversed, and the matter is remanded for further consideration consistent herewith.

A final word is in order. Apparently in consideration of Territorial Court Rule 7, the trial court appears to routinely apply the Federal Rules of Evidence in civil proceedings, and those rules are similarly relied upon by attorneys practicing in that court. Such wholesale reliance on the federal rules ignores a contrary local statute governing the admission of evidence in the Territorial Court and the legislature's mandate to apply the evidentiary rule which most favors admission in each instance. Until such time as the legislature sees fit to amend the statute or its explanatory note prefacing that statute, members of the bar are put on notice that in reviewing civil matters this Court will henceforth resort in the first instance to the local evidentiary rules as reflected in the Virgin Islands Code. An appropriate order follows.

---

[7] The HOA additionally argues the court improvidently dismissed the action for insufficient evidence of the existence of restrictive covenants, after having earlier excluded evidence of those restrictions. We need not address this issue, given our determination that the underlying evidence was improperly excluded.